IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCY COFFIE-JOSEPH, | : |
| Petitioner | : |
| v. | : Case No. 3:24-cv-114-KAP |
| LEONARD ODDO, WARDEN, | : |
| MOSHANNON VALLEY PROCESSING | : |
| CENTER, *et al.*, | : |
| Respondents | : |

Memorandum Order

The motion for release contained in ECF no. 15, petitioner's "Response to the IJ's Decision and Immediate Release Request," is denied. This court has jurisdiction to issue a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 compelling the holding of a bond hearing under German Santos v. Warden Pike County Corrections Facility, 965 F.3d 203, 211 (3d Cir. 2020), but that does not give this court appellate jurisdiction over the decision, except in the limited sense that it can enforce its writ where Immigration Judge conducting the bond hearing ignored the law of the case or was so arbitrary that it could be considered a sham. *See e.g.* Georges v. Doll, No. 1:17-CV-01692, 2018 WL 2302370, at *3 (M.D. Pa. May 21, 2018). That has not been shown to be the case here.

Even circuits that consider habeas corpus to confer the power to review bond decisions on the merits require adherence to the procedural rules that require a detainee who receives a bond hearing to direct the appeal of the IJ's decision to the BIA. *See* Leonardo v. Crawford, 646 F.3d 1157, 1159-60 (9th Cir. 2011). No prudential reason appears here to excuse that exhaustion of administrative remedies.

DATE: September 8, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Mercy Coffie-Joseph, A# 216-220-863
Moshannon Valley Processing Center
555 Geo Drive
Philipsburg, PA 16866

1